Rebekah Schultheiss (Millard)
rebekah@millardoffices.com
OSB #121199
PO Box 7582
Springfield, OR 97475
t: 707.227.2401
*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON
# PENDLETON DIVISION

| | |
|---|---|
| **JESSICA BATES,** | Case No.: 2:23-cv-00474-AN |
| Plaintiff, | |
| v. | |
| **FARIBORZ PAKSERESHT**, *et al.,* | **NOTICE OF SUPPLEMENTAL AUTHORITY** |
| Defendants. | |

     Jessica Bates respectfully submits this Notice of Supplemental Authority about *303 Creative LLC v. Elenis*, 600 U.S. ----, No. 21-476 (June 30, 2023) (attached as exhibit 1), in support of her preliminary-injunction motion (Doc. 14). *Cf.* Fed. R. App. P. 28(j). In *303 Creative*, Lorie Smith, a graphic designer, challenged a Colorado public-accommodations law that required her to design websites for same-sex weddings if she designed websites for opposite-sex weddings. Op. 4. Smith filed suit arguing this forced her to express views contrary to her religious convictions. *Id.* The Court agreed and ruled that Colorado's law compelled speech in violation of the First Amendment. Op. 11. *303 Creative* supports Jessica Bates for at least four reasons.

First, the Court affirmed that religious objections to a message need not discriminate based on status. Smith did not object to a customer's "protected characteristics," but gladly served all customers "so long as the [message] [did] not violate her beliefs." Op. 17 (cleaned up). Here too, "Bates can disagree with the State's views on sexual ethics and the human body without rejecting a child." Pl.'s Reply in Supp. of Her Mot. for Prelim. Inj. (Reply Br.) 8[1] (Doc. 32). So Oregon is misplaced to perceive her conscientious objections as animus. *Id.* at 16 (explaining "Oregon believes applicants with Bates' religious beliefs are not 'open to any child'").

Second, the Court rejected the argument that a nondiscrimination law merely regulated "conduct" when it was applied to expressive activity. Op. 16. Because Colorado's antidiscrimination law compelled Smith to "'utter what is not in her mind' about a question of political and religious significance," Colorado did "not seek to impose an incidental burden on speech." Op. 19 (quoting *W. Va. Bd. of Ed. v. Barnette*, 319 U.S. 624, 634 (1943)), *see also* Op. 20. Rather, the burden on Smith's speech was direct. Op. 19. Here too, Oregon's policy directly regulates speech (not just conduct) by compelling Bates to speak against her conscience on "profound" topics, like forcing her to use preferred pronouns and to take her children to Pride parades. Pl.'s Mot. for Prelim. Inj. 23 (Doc. 14). The Court has "time after time" rejected the idea that forcing an individual to speak "on weighty issues with which she disagrees … only 'incidentally' burdens First Amendment liberties." Op. 22.

Third, while the Court acknowledged that anti-discrimination laws can often regulate conduct with no constitutional concerns, anti-discrimination laws must still yield to the First Amendment. Op. 14 ("[N]o public accommodations law is immune from the demands of the Constitution."). If the government's interest in fighting discrimination cannot overcome First Amendment protections, surely

---

[1] All document citations reference the CM/ECF-stamped page number.

policies aimed at speculative harms fail constitutional scrutiny too. *See* Reply Br. § IV.B. When these interests collide with the Constitution "there can be no question which must prevail." Op. 14.

Fourth, the Court also held it per se improper for the government "to eliminate ideas that differ from its own." Op. 20. Because Colorado's "very purpose" was the "elimination of dissenting ideas about marriage," the Court invalidated the law without applying strict scrutiny. Op. 11 (cleaned up). Rather, it held that laws compelling speech and targeting ideas are categorically unconstitutional. Op. 19 (forcing Smith to speak against her conscience "is something the First Amendment does not tolerate"). Here, Oregon's policy similarly targets Bates' religious beliefs about the human body and sexual ethics. Indeed, Oregon concedes that it seeks to regulate Bates' speech on these topics because it believes her views are harmful. Defs.' Resp. to Mot. for Prelim. Inj. 29–30 (Doc. 25). But in *303 Creative*, the Court expressly rejected this argument and reaffirmed that "it is not … the role of the State or its officials to prescribe what shall be offensive." Op. 25; *see also* Op. 24–25 (explaining the Court has "protected the right of Nazis to march" and to "espouse ideas antithetical to those for which this Nation stands"). A "government's effort to eliminate disfavored ideas" is not a legitimate government interest. Op. 25 (cleaned up); Reply Br. § IV.A. Here too, Oregon's attempt to suppress religious views on gender and sex are "truly novel" to the First Amendment. Op. 20.

In sum, *303 Creative* shows that Bates' conscience-based objections do not discriminate based on a child's status, Oregon's policy directly (not incidentally) regulates Bates' speech, preventing dignitary harms does not justify trampling on First Amendment liberties, and targeting viewpoints or ideas the state disfavors is never a compelling government interest.

Respectfully submitted this 6th day of July, 2023.

| | |
|---|---|
| Rebekah Schultheiss (Millard)<br>rebekah@millardoffices.com<br>OSB #121199<br>PO Box 7582<br>Springfield, OR 97475<br>t: 707.227.2401<br>*Counsel for Plaintiff* | *s/Johannes Widmalm-Delphonse*<br>Johannes Widmalm-Delphonse*<br>jwidmalmdelphonse@ADFlegal.org<br>VA Bar No. 96040<br>ALLIANCE DEFENDING FREEDOM<br>44180 Riverside Pkwy<br>Lansdowne, VA 20176<br>t: 571.707.4655<br><br>Jonathan A. Scruggs*<br>jscruggs@ADFlegal.org<br>AZ Bar No. 030505<br>ALLIANCE DEFENDING FREEDOM<br>15100 N. 90th Street<br>Scottsdale, AZ 85260<br>t: 480.444.0020<br><br>Christiana Kiefer*<br>ckiefer@adflegal.org<br>DC Bar No. 176922<br>ALLIANCE DEFENDING FREEDOM<br>440 First Street NW,<br>Suite 600<br>Washington, DC 20001<br>t: 202.393.8690<br><br>*Counsel for Plaintiff*<br>**Admitted Pro Hac Vice* |

**CERTIFICATE OF SERVICE**

I hereby certificate that on July 6, 2023, I filed a true and accurate copy of the foregoing document with the Clerk of Court using the CM/ECF system, which automatically sends an electronic notification to the following parties:

Deanna Chang
Deanna.J.Chang@doj.state.or.us
t: 503.949.1546
Sara Van Loh
sara.vanloh@doj.state.or.us
t: 503.881.9008
Alexander Charles Jones
alex.jones@doj.state.or.us
t: 503.508.2171
Thomas H. Castelli
thomas.castelli@doj.state.or.us
t: 971.673.1880
Oregon Department of Justice
100 SW Market St,
Portland, OR 97201

Dated: July 6, 2023

*s/ Johannes Widmalm-Delphonse*
Counsel for Plaintiff