ELLEN F. ROSENBLUM
Attorney General
THOMAS H. CASTELLI  #226448
DEANNA CHANG #192202
Senior Assistant Attorney General
ALEX C. JONES #213898
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  thomas.castelli@doj.state.or.us
        Deanna.J.Chang@doj.state.or.us
        Alex.Jones@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| JESSICA BATES ,<br><br>        Plaintiff,<br><br>   v.<br><br>FARIBORZ PAKSERESHT, in his official capacity as Director of the Oregon Department of Human Services, LIESL WENDT, in her official capacity as Deputy Director of the Oregon Department of Human Services, APRILLE FLINT-GERNER, in her official capacity as Interim Director of the Oregon Department of Human Services Child Welfare Division; REBECCA GARRISON, in her official capacity as certification supervisor for the Oregon Department of Human Services office in Malheur County, CECILIA GARCIA, in her official capacity as certification officer for the Oregon Department of Human Services office in Malheur County,<br><br>        Defendants. | Case No.  2:23-cv-00474-AN<br><br>DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |

Page 1 -   DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
TC3/j3b/909614615

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Pursuant to the Court's Order requesting additional briefing regarding the impact of *Backlund v. Barnhart*, 778 F.2d 1386 (9th Cir. 1985), ECF # 42, Defendants file this brief supplementing their prior Response to Motion for Preliminary Injunction, ECF # 25, to explain how *Backlund* relates to Plaintiff's motion and this case.

*Backlund v. Barnhart* is a Ninth Circuit case that illustrates why Plaintiff's First Amendment claims are likely to fail on the merits. In *Backlund*, state officials prevented the plaintiffs from caring for a child in state custody after the plaintiffs refused, on religious grounds, to comply with state requirements aimed at protecting the child's health and safety. *Id.* at 1387. The plaintiffs in *Backlund* argued that their refusal to comply was a constitutionally protected exercise of religious beliefs. *Id.* at 1388. The Ninth Circuit held that the state officials were immune from suit for damages because they had not violated any clearly established constitutional rights of the plaintiffs. *Id.* at 1389–90. Although the result in *Backlund* turned on the defendants' qualified immunity, the court's holding and reasoning are instructive for this case.

Specifically, the Ninth Circuit held that foster parents had no "clearly established right to exercise their religious beliefs about punishment on a foster care child." 778 F.2d at 1389. The plaintiffs, as foster parents, used corporal punishment on a child placed in their care, explaining that such discipline was mandated by their religion. *Id.* at 1387. State officials, concerned because the child had been abused by her parents before being placed in foster care, told the foster parents they must stop using corporal punishment. *Id.* When the foster parents refused, the officials temporarily removed the child from the home. *Id.* The foster parents later sued the officials who removed the child for violating their constitutional right to exercise their religious beliefs. *Id.* at 1388.

The Ninth Circuit held that qualified immunity protected the officials, because preventing the foster parents from exercising their religious beliefs about discipline on the child violated no clearly established constitutional right. *Id.* at 1388–89. The court further concluded that the foster parents failed to show that the removal of the child was "a violation of *any* constitutional right,

Page 2 -   DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
TC3/j3b/909614615
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

clearly established or not." *Backlund*, 778 F.2d at 1390 (emphasis added). The court reasoned that "even natural parents have no clearly established right to unlimited exercise of religious beliefs on their children[.]" *Id.* at 1389 (citing *Prince v. Massachusetts*, 321 U.S. 158, 166 (1944)). Further, the court explained, "foster parents do not enjoy the same constitutional protections that natural parents do." *Id.* The court noted that the state has authority to deny or revoke a foster parent's license, and that "[t]he relationship between [the] foster parent and foster child [was] a creature of the Washington child welfare statutes." *Id.* at 1390. "Those statutes," the court explained, "confer no new due process rights, and they confer no new constitutional rights to religious exercise." *Id.* Accordingly, the court affirmed the trial court's decision that the "state officials in [the] case had authority to decide what was best for the foster child, and that they violated no clearly established constitutional rights of the foster parents." *Id.* at 1387.[1]

*Backlund* illustrates that the First Amendment right to free exercise of religion does not override state requirements imposed for the protection of children in state custody. As the court noted, even natural parents face limits on the exercise of their religious beliefs on their children. *Id.* at 1389. In the context of a state-created caregiver role concerning a child in the state's custody, the caregiver's rights are even more limited. When the state authorizes a person to serve as caregiver for children in the state's custody, the state may impose and enforce requirements on that person's caregiving conduct. A person does not have a right to reject those requirements and to demand that the state carve out an exception according to terms that better conform with their own beliefs about childcare. Rather, when a person refuses to comply with otherwise neutral and valid requirements regarding the care of children who are in the state's custody, the state may refuse to place or leave those children with that person.

---

[1] *See also Bartholomew v. Stassi-Lampman*, 95 F.3d 1156, 1996 WL 477006 at *3 (9th Cir. 1996) (unpublished) (citing *Backlund*, 778 F.2d at 1389) (concluding that there is no clearly established constitutional right to pre-removal notice to foster parents if a child is being removed because she is in imminent danger); *Goodall v. Quick Collect, Inc.*, No. 6:15-cv-01887-MC, 2016 WL 5923422 at *4 (D. Or. Oct. 11, 2016) (citing *Backlund*, 778 F.2d at 1389) ("There is . . . no First Amendment right between a foster parent and a foster child.").

Page 3 -   DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING PLAINTIFF'S MOTION FOR
           PRELIMINARY INJUNCTION
TC3/j3b/909614615
                              Department of Justice
                              100 SW Market Street
                              Portland, OR 97201
                          (971) 673-1880 / Fax: (971) 673-5000

That is what happened here. Here, like the foster parents in *Backlund*, Plaintiff refuses to comply with the state's requirements regarding the safety and well-being of children who are in state custody. *See* Declaration of Jessica Bates in Support of Motion for Preliminary Injunction, ECF #15 at ¶ 90 (stating that Plaintiff "cannot comply with the Department's requirements set out in OAR § 413-200-0308(2)(k)"). Accordingly, the state did not approve Plaintiff's application to care for children in the state's custody.[2] Like the foster parents in *Backlund*, Plaintiff asserts religious grounds for her refusal to comply, and argues that denying her the opportunity to care for children who are in state custody is an infringement of her First Amendment rights. But as *Backlund* shows, the First Amendment does not require the state to compromise its decision-making concerning protection of the children in its custody whenever that protection conflicts with a prospective caregiver's own beliefs about childcare.

The logic of *Backlund* applies both to Plaintiff's free exercise argument and her free speech argument. Just as child welfare statutes "confer no new constitutional rights to religious exercise," *Backlund*, 778 F.2d at 1390, they do not confer new constitutional rights to express oneself through noncompliance with child welfare rules. The rule at issue here applies only to Plaintiff's conduct as a caregiver for children and young adults who are "in the care or custody of the Department [of Human Services]." OAR 413-200-0308(2)(k). The state authorizes that caregiving conduct for the benefit and protection of the children and young adults in its custody. Plaintiff is free to disagree with the state about how best to raise and protect children and to express and exercise those beliefs. But Plaintiff does not have a constitutional right to demand that the state create a caregiving role for her as a medium through which to express and exercise those beliefs on children who are in state custody.

In summary, Plaintiff's beliefs, religious or otherwise, do not entitle her to demand that the state entrust her with the vulnerable children who are in its custody. Nor does the First Amendment

---

[2] In this instance, Plaintiff declared her unwillingness to comply with the state's requirements for the care and raising of children in state's custody. ODHS did not inquire into Plaintiff's religious affiliation and then assume she could not abide by the rule.

Page 4 -   DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
TC3/j3b/909614615
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

require the state to allow Plaintiff to disregard rules imposed for the safety of those children whenever they conflict with Plaintiff's own beliefs or opinions. Plaintiff is free to express and exercise her beliefs. But as *Backlund* demonstrates, the state is not required to provide her with children on whom to exercise those beliefs, when Plaintiff asserts that her beliefs forbid her from complying with rules imposed for the children's protection.

DATED September 8, 2023.

                Respectfully submitted,

                ELLEN F. ROSENBLUM
                Attorney General

                *s/ Thomas H. Castelli*
                THOMAS H. CASTELLI #226448
                DEANNA CHANG #192202
                Senior Assistant Attorneys General
                ALEX C. JONES #213898
                Assistant Attorney General
                Trial Attorneys
                Tel (971) 673-1880
                Fax (971) 673-5000
                Thomas.Castelli@doj.state.or.us
                Deanna.J.Chang@doj.state.or.us
                Alex.Jones@doj.state.or.us
                Of Attorneys for Defendants

Page 5 -   DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING PLAINTIFF'S MOTION FOR
         PRELIMINARY INJUNCTION
TC3/j3b/909614615

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

# CERTIFICATE OF SERVICE

I certify that on September 8, 2023, I served the foregoing DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION upon the parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| Jonathan A. Scruggs<br>Alliance Defending Freedom<br>15100 N. 90th Street<br>Scottsdale, AZ 85260<br>　*Attorney for Plaintiff* | ___ HAND DELIVERY<br>___MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX)<br>___ E-MAIL<br> X  E-SERVE |
| Rebekah Schultheiss (Millard)<br>PO Box 7582<br>Springfield, OR 97475<br>　*Attorney for Plaintiff* | ___ HAND DELIVERY<br>___ MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX)<br>___ E-MAIL<br> X  E-SERVE |
| Christiana M. Kiefer<br>Alliance Defending Freedom DC<br>440 First Street NW, Ste 600<br>Washington, DC 20001<br>　*Attorney for Plaintiff* | ___ HAND DELIVERY<br>___ MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX)<br>___ E-MAIL<br> X  E-SERVE |
| Johannes Widmalm-Delphonse<br>Alliance Defending Freedom<br>Virginia<br>44180 Riverside Pkwy<br>Lansdowne, VA 20176<br>　*Attorney for Plaintiff* | ___ HAND DELIVERY<br>___ MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX)<br>___ E-MAIL<br> X  E-SERVE |

　　　　*s/ Thomas H. Castelli*
THOMAS H. CASTELLI #226448
DEANNA CHANG #192202
Senior Assistant Attorneys General
ALEX C. JONES #213898
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Thomas.Castelli@doj.state.or.us
Deanna.J.Chang@doj.state.or.us
Alex.Jones@doj.state.or.us
Of Attorneys for Defendants

Page 1 -   CERTIFICATE OF SERVICE
TC3/j4b/775964352
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000