Rebekah Schultheiss (Millard)
rebekah@millardoffices.com
OSB #121199
PO Box 7582
Springfield, OR 97475
t: 707.227.2401
*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON
# PENDLETON DIVISION

| | |
|---|---|
| **JESSICA BATES,** <br><br> Plaintiff, <br><br> v. <br><br> **FARIBORZ PAKSERESHT**, *et al.,* <br><br> Defendants. | Case No.: 2:23-cv-00474-AN <br><br><br> **SECOND NOTICE OF SUPPLEMENTAL AUTHORITY** |

Jessica Bates respectfully submits this notice of supplemental authority about two recent Ninth Circuit decisions that support her preliminary-injunction motion (Doc. 14). *Cf.* Fed. R. App. P. 28(j).

In *Fellowship of Christian Athletes v. San Jose Unified School District Board of Education* (*FCA*)*,* a Christian student group lost its official recognition status because its statement of faith and standards of conduct on sexual purity violated the school district's nondiscrimination policy. No. 22-15827, 2023 WL 5946036 at *6 (9th Cir. Sept. 13, 2023) (en banc). An en banc Ninth Circuit ruled that the policy likely violated the group's free-exercise rights. *Id.* at *22. *FCA* supports Jessica Bates for at least four reasons.

First, *FCA* upheld the student group's First Amendment rights, even though there was no constitutional right to school recognition. The student group merely sought access to a benefit on a level playing field, and the court applied traditional First Amendment scrutiny. *Id.* at *15 (rejecting the application of "limited public forum analysis"). The same principle applies here. *See* Pl.'s Reply in Supp. of Her Mot. for Prelim. Inj. (Reply Br.) § II.C. (Doc. 32).

Second, *FCA* affirmed that "treating *any* comparable secular activity more favorably than religious exercise" undermines a policy's neutrality and general applicability. *Id.* at *15. The *FCA* school district asserted an interest like Oregon's—ensuring equal access and "prohibiting discrimination on protected enumerated bases, including sex, race, and ethnicity." *Id.* at *18. To evaluate that interest, the court did not merely look at exceptions to the "All-Comers policy" that the group had violated; it also looked at exceptions to "district-wide" policies that applied "for all District programs and activities." *Id.* at *16. Allowing some groups "to discriminate based on sex or ethnic identity" undermined the policy. *Id.* at *17. So did the school board's "equity policy," which allowed *the board* to consider race, gender, and other traits to ensure "students get what they need." *Id.* at *16. It did not matter that the All-Comers policy did not apply to the board or to other programs, because the court was "only concerned with the risk involved and not the reasons why people gather." *Id.* at *18 (cleaned up) (rejecting the "distinction between school-operated and student-operated programs").

Here, Oregon similarly tried to distinguish its system of exemptions—like its categorical exemption for independent adoptions—saying the exempted adoptions were different (and were available under different policies) than those Bates seeks. *See* Defs.' Resp. to Mot. for Prelim. Inj. (Resp. Br.) 19 (Doc. 25) (conceding its policy does not apply to independent adoptions). But as Bates pointed out, Oregon's interest is the same in regulating *all adoptions*: protecting the best interest of the

child. Reply Br. § III.B.1. If Oregon need not apply its problematic policy to other types of adoptions, it need not apply it to exclude Bates. That means this policy is not generally applicable under *FCA*.

Third, *FCA* affirms that just as it does not matter *where* the government grants exemptions, the *why* does not matter either. Indeed, "the mere existence of a discretionary mechanism to grant exemptions can be sufficient to render a policy not generally applicable." *FCA*, 2023 WL 5946036, at *17. Thus, allowing groups to discriminate "on a case-by-case basis" based on "non-discriminatory" criteria, like "good moral character," also undermined the district's interests. *Id.* at *17–18. ("[T]he very fact that [qualification criteria] require a case-by-case analysis is antithetical to a generally applicable policy."). Oregon similarly retains the discretion to grant individualized exemptions. Pl.'s Mot. for Prelim. Inj. § II.B.2 (Doc. 14) (discussing Oregon's selective enforcement and the discretion afforded private agencies). And it grants some categorical exemptions too. *Id.* Both of those things render its policy not generally applicable.

Fourth, despite what Defendants argue, "irreparable harm is relatively easy to establish in a First Amendment case because the party seeking the injunction need only demonstrate the existence of a colorable First Amendment claim." *FCA*, 2023 WL 5946036, at *23 (cleaned up); contra Resp. Br. 36–37. Bates has met that threshold, so any lack of evidence counts against the State, not Bates. And *every day* Bates cannot access the adoption program, Oregon violates her First Amendment rights and she suffers irreparable harm. That easily justifies her requested relief at the preliminary-injunction stage. *FCA*, 2023 WL 5946036, at *23 (describing "the deprivation of … recognition" as "an enduring harm" to the group).[1]

---

[1] For these reasons, it is no answer that Bates may express herself elsewhere. *See FCA*, 2023 WL 5946036, at *6, 23 (finding policy violated group's free exercise rights though group remained on campus as an "unaffiliated 'student interest group'").

Moving on, in *Junior Sports Magazines Inc. v. Bonta*, a firearm magazine challenged a California law prohibiting firearm advertisements that "reasonably appear[ed] to be attractive to minors." No. 22-56090, 2023 WL 5945879, at *2 (9th Cir. Sept. 13, 2023). The Ninth Circuit held that the law facially regulated speech and failed intermediate scrutiny. *Id.* at *5, 8.

*Junior Sports* highlights that avoiding speculative harms can never justify certain First Amendment burdens. California argued that its law helped to reduce gun violence. *Id.* at *6. But the state "provided no evidence—or even an anecdote—that minors [we]re unlawfully using firearms because of advertisements for guns by the firearm industry." *Id.* at *7, *see id.* at 5 (noting the state was "unaware of a *single* instance in which a minor unlawfully bought a firearm in California"). "With no evidence connecting" the advertisements to gun violence, the state could not show its law significantly advanced its interests. *Id.*

Oregon similarly fails to justify its policy. Defendants submitted surveys positing that some parental behaviors are correlated with negative outcomes in adulthood. Resp. Br. 10–11. But the State failed to identify even one problematic situation in Oregon. Reply Br. 25 (noting Oregon did not "identify 'a single case' where a loving and respectful religious home caused the type of harm Oregon warns about"). And the surveys Oregon cites do not say anything about Bates. *Id.* § IV.B.1. *Junior Sports* held that relying "on a chain of inferences" without evidence proving causation cannot survive even intermediate scrutiny. 2023 WL 5945879, at *7–8. That same lack of evidence cannot satisfy strict scrutiny here.

Respectfully submitted this 19th day of September, 2023.

| | |
|---|---|
| Rebekah Schultheiss (Millard)<br>rebekah@millardoffices.com<br>OSB #121199<br>PO Box 7582<br>Springfield, OR 97475<br>t: 707.227.2401<br>*Counsel for Plaintiff* | *s/Johannes Widmalm-Delphonse*<br>Johannes Widmalm-Delphonse*<br>jwidmalmdelphonse@ADFlegal.org<br>VA Bar No. 96040<br>ALLIANCE DEFENDING FREEDOM<br>44180 Riverside Pkwy<br>Lansdowne, VA 20176<br>t: 571.707.4655<br><br>Jonathan A. Scruggs*<br>jscruggs@ADFlegal.org<br>AZ Bar No. 030505<br>ALLIANCE DEFENDING FREEDOM<br>15100 N. 90th Street<br>Scottsdale, AZ 85260<br>t: 480.444.0020<br><br>Christiana Kiefer*<br>ckiefer@adflegal.org<br>DC Bar No. 176922<br>ALLIANCE DEFENDING FREEDOM<br>440 First Street NW,<br>Suite 600<br>Washington, DC 20001<br>t: 202.393.8690<br><br>*Counsel for Plaintiff*<br>**Admitted Pro Hac Vice* |

## CERTIFICATE OF SERVICE

I hereby certificate that on September 19, 2023, I filed a true and accurate copy of the foregoing document with the Clerk of Court using the CM/ECF system, which automatically sends an electronic notification to the following parties:

Deanna Chang
Deanna.J.Chang@doj.state.or.us
t: 503.949.1546
Thomas H. Castelli
thomas.castelli@doj.state.or.us
t: 971.673.1880
Alexander Charles Jones
alex.jones@doj.state.or.us
t: 503.508.2171
Oregon Department of Justice
100 SW Market St,
Portland, OR 97201

Dated: September 19, 2023

*s/ Johannes Widmalm-Delphonse*
Counsel for Plaintiff