ELLEN F. ROSENBLUM
Attorney General
THOMAS H. CASTELLI  #226448
DEANNA CHANG #192202
Senior Assistant Attorney General
ALEX C. JONES #213898
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  thomas.castelli@doj.state.or.us
            Deanna.J.Chang@doj.state.or.us
            Alex.Jones@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| JESSICA BATES , <br><br> Plaintiff, <br><br> v. <br><br> FARIBORZ PAKSERESHT, in his official capacity as Director of the Oregon Department of Human Services, LIESL WENDT, in her official capacity as Deputy Director of the Oregon Department of Human Services, APRILLE FLINT-GERNER, in her official capacity as Interim Director of the Oregon Department of Human Services Child Welfare Division; REBECCA GARRISON, in her official capacity as certification supervisor for the Oregon Department of Human Services office in Malheur County, CECILIA GARCIA, in her official capacity as certification officer for the Oregon Department of Human Services office in Malheur County, <br><br> Defendants. | Case No.  2:23-cv-00474-AN <br><br> DEFENDANTS' SUPPLEMENTAL REPLY BRIEF REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |

Page 1 -  DEFENDANTS' SUPPLEMENTAL REPLY BRIEF REGARDING PLAINTIFF'S
        MOTION FOR PRELIMINARY INJUNCTION

Defendants submit this brief reply to Plaintiff's Supplemental Brief regarding the impact of *Backlund v. Barnhart*, 778 F.3d 1386 (9th Cir. 1985). Plaintiff's attempts to distinguish *Backlund* from the case at bar are overly technical and ignore the foundational principle of the Ninth Circuit's opinion—namely, that foster parents do not possess an unlimited and unfettered constitutional right to impose their religious beliefs on foster children in the care and custody of a state. Plaintiff's arguments are neither persuasive nor new.

Plaintiff attempts to distinguish *Backlund* on the grounds that *Backlund* dealt with a specific child, whereas Ms. Bates does not have a specific child in mind. *See* Pl.'s First and Third Reasons, Pl.'s Supp. Br. at 1, 3. According to Plaintiff, she has been "categorically excluded at the door" because of her religion. *Id*. However, the record shows clearly that the Oregon Department of Human Services (ODHS) did not exclude her at the door; ODHS did not ask questions or solicit information relating to her religious speech or conduct. Instead, her application was processed as any other potential resource family's application would be. Ms. Bates's application was only denied after she expressed to ODHS that she would not comply with OAR 413-200-0308(2)(k). *See* Appendix to Jessica Bates' Declaration in Support of Plaintiff's Motion for Preliminary Injunction, ECF #15-1 at 4 (Plaintiff's email to certification officer Cecilia Garcia, referring to the requirement to "respect, accept, and support children whose preferred pronouns & identity don't match their biological sex," and stating, "I need to let you know I cannot support this behavior in a child"); *id.* at 8 (letter denying Plaintiff's application, explaining that Plaintiff indicated that she "would not support [a child's] lifestyle or encourage any behavior related to their sexual orientation or gender identity or expression"). ODHS made no judgment or assumptions about whether Ms. Bates's religion would interfere with her ability to comply with the rules. ODHS did not categorically, or individually, "label[ Ms. Bates] unfit to parent based on her religious beliefs." Pl.'s Supp. Br., ECF #44 at 2. Plaintiff identified herself as unable to comply with ODHS's rules designed to protect and support children in ODHS's care, and ODHS

Page 2 -   DEFENDANTS' SUPPLEMENTAL REPLY BRIEF REGARDING PLAINTIFF'S
           MOTION FOR PRELIMINARY INJUNCTION
TC3/j3b/911457457
                              Department of Justice
                              100 SW Market Street
                              Portland, OR 97201
                          (971) 673-1880 / Fax: (971) 673-5000

rejected her application as they would the application of any applicant who indicated they would not comply with rules governing the care of children and young adults in ODHS care and custody.

Plaintiff next contends that "a case about rights *clearly established* in 1985 says little about what is a constitutional right in 1985, much less 2023," and then cites to *Fulton v. City of Philadelphia*, 141 S.Ct. 1868 (2021) and *303 Creative LLC v. Elenis*, 143 S.Ct. 2298 (2023), as examples of what are current clearly established rights. *Id*. at 2 (emphasis in original). But neither of those cases address whether foster parents have a clearly established right to the unlimited exercise of their religious beliefs and speech on children placed in their homes. And it is the fact that these are children in the care of the state that makes it so critical that ODHS act to protect those children, regardless of their sexual orientation, gender identity, and gender expression. With respect to Plaintiff's attempt to distinguish this case from *Backlund* on the grounds that Ms. Bates doesn't intend to use corporal punishment, that argument ignores that the crux of the issue in this case is whether the state can impose requirements on a resource parent's or adoptive resource's conduct in caring for children in state custody.

Plaintiff's suggestion that ODHS could simply avoid placing specific children with Plaintiff if those children, for example, "went by neopronouns," is not an option. *See* Pl.'s Fifth and Sixth Reasons. First, Ms. Bates has requested a child under the age of 10. Many children at that age will not know or will not be comfortable expressing a different gender identity. Second, gender identities can also change over time. Third, once an adoption is finalized, Ms. Bates wouldn't be able to simply "give back" a child whose SOGIE differs from their biological sex. And finally, even if the child has not been adopted, there could be significant disruption and harm associated with being put back in foster care simply for expressing their SOGIE. In short, relying on the placement process is not an option for protecting the health, welfare, and safety of children in foster care. *See* Defs.' Opp'n to Pl.'s Mot. for Prelim. Inj., ECF # 25 at 34–35.

Finally, Plaintiff's slippery slope arguments are unpersuasive. Ms. Bates proactively informed ODHS that she would not comply with OAR 413-200-0308(2)(k). If any applicant,

Page 3 -   DEFENDANTS' SUPPLEMENTAL REPLY BRIEF REGARDING PLAINTIFF'S
            MOTION FOR PRELIMINARY INJUNCTION
TC3/j3b/911457457                              Department of Justice
                                              100 SW Market Street
                                              Portland, OR 97201
                                         (971) 673-1880 / Fax: (971) 673-5000

regardless of their religion, stance on interracial marriage, sexual orientation, or any other characteristic informed ODHS that they would not comply with OAR 413-200-0308(2)(k), that application could be rejected. In short, *Backlund* is correct that there is no unfettered First Amendment right to exercise one's beliefs on children who are in the state's care and custody. That is particularly true when a state has imposed requirements relating to the protection of those children, and the potential caregiver has asserted her inability and unwillingness to comply with those laws.

DATED September 20, 2023.

                                      Respectfully submitted,

                                      ELLEN F. ROSENBLUM
                                      Attorney General

                                      *s/ Thomas H. Castelli*
                                      THOMAS H. CASTELLI #226448
                                      DEANNA CHANG #192202
                                      Senior Assistant Attorneys General
                                      ALEX C. JONES #213898
                                      Assistant Attorney General
                                      Trial Attorneys
                                      Tel (971) 673-1880
                                      Fax (971) 673-5000
                                      Thomas.Castelli@doj.state.or.us
                                      Deanna.J.Chang@doj.state.or.us
                                      Alex.Jones@doj.state.or.us
                                      Of Attorneys for Defendants

Page 4 -   DEFENDANTS' SUPPLEMENTAL REPLY BRIEF REGARDING PLAINTIFF'S
          MOTION FOR PRELIMINARY INJUNCTION
TC3/j3b/911457457

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## CERTIFICATE OF SERVICE

I certify that on September 20, 2023, I served the foregoing DEFENDANTS' SUPPLEMENTAL REPLY BRIEF REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION upon the parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| Jonathan A. Scruggs<br>Alliance Defending Freedom<br>15100 N. 90th Street<br>Scottsdale, AZ 85260<br>   *Attorney for Plaintiff* | ___ HAND DELIVERY<br>___ MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX)<br>___ E-MAIL<br> X  E-SERVE |
| Rebekah Schultheiss (Millard)<br>PO Box 7582<br>Springfield, OR 97475<br>   *Attorney for Plaintiff* | ___ HAND DELIVERY<br>___ MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX)<br>___ E-MAIL<br> X  E-SERVE |
| Christiana M. Kiefer<br>Alliance Defending Freedom DC<br>440 First Street NW, Ste 600<br>Washington, DC 20001<br>   *Attorney for Plaintiff* | ___ HAND DELIVERY<br>___ MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX)<br>___ E-MAIL<br> X  E-SERVE |
| Johannes Widmalm-Delphonse<br>Alliance Defending Freedom<br>Virginia<br>44180 Riverside Pkwy<br>Lansdowne, VA 20176<br>   *Attorney for Plaintiff* | ___ HAND DELIVERY<br>___ MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX)<br>___ E-MAIL<br> X  E-SERVE |

      *s/ Thomas H. Castelli*
THOMAS H. CASTELLI #226448
DEANNA CHANG #192202
Senior Assistant Attorneys General
ALEX C. JONES #213898
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Thomas.Castelli@doj.state.or.us
Deanna.J.Chang@doj.state.or.us
Alex.Jones@doj.state.or.us
Of Attorneys for Defendants

Page 1 -   CERTIFICATE OF SERVICE
      TC3/j4b/775964352

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000