Rebekah Schultheiss (Millard)
rebekah@millardoffices.com
OSB #121199
PO Box 7582
Springfield, OR 97475
t: 707.227.2401
*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PENDLETON DIVISION

| | |
|---|---|
| **JESSICA BATES,** | Case No.: 2:23-cv-00474-AN |
| Plaintiff, | |
| v. | |
| | **JOINT MOTION TO STAY DISTRICT COURT PROCEEDINGS** |
| **FARIBORZ PAKSERESHT**, *et al.,* | |
| Defendants. | |

The parties respectfully move to stay these proceedings pending resolution of Plaintiff Jessica Bates' appeal of this Court's Opinion and Order (Doc. 47) to the Ninth Circuit Court of Appeals.

### Background

Bates filed this action on April 3, 2023, alleging that an Oregon Department of Human Services policy barred her from being certified to serve as an adoptive parent. Shortly thereafter, she moved for a preliminary injunction (Doc. 14), arguing that Oregon's policy violated her free-exercise and free-speech rights. This

Court recently denied her motion (Doc. 47). Bates subsequently filed a notice of appeal to the Ninth Circuit from that denial (Doc. 48).

This case is still in its early stages. While the parties have started the discovery process and sent some written discovery requests, no documents have been exchanged, only one witness (Plaintiff) has been deposed, and no expert witnesses have been identified.

## Legal standard

"[T]he decision to grant a stay … is generally left to the sound discretion of district courts." *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (citation omitted). The authority comes from the court's "inherent power to control its docket and promote efficient use of judicial resources." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). To evaluate a stay request, this Court must balance the hardship to the parties, and whether the stay promotes "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citation omitted).

## Discussion

The parties submit that a stay in this case is justified to promote the orderly course of justice and because no one will be injured.

This case involves important and novel questions of constitutional law about how Oregon administers its foster and adoption system. For this reason, discovery could involve numerous documents. For example, to support her free-exercise claim, Bates argues that the Department policy she challenges treats "comparable secular activity more favorably than religious exercise." *Tandon v. Newsom*, 141 S. Ct. 1294, 1296 (2021). So Bates has already sought discovery about how Oregon has treated past foster and adoption applications, whether Oregon has consistently

applied its policies, whether Oregon makes any exemptions to its policies, and whether Oregon can justify its policies under heightened scrutiny. From Bates' perspective, discovery could entail seeking and reviewing every application for certification submitted to the Department as well as every approval, every denial, and associated case files since the challenged policy's inception. From ODHS's perspective, there are numerous concerns with both the scope and breadth of the discovery sought and important privacy concerns that must be addressed. The complexity of the discovery issues is likely to require substantial amounts of time from the parties.

A Ninth Circuit decision on the merits "will likely streamline the issues the parties must litigate[] moving forward." *Flores v. Bennett*, No. 122-cv-01003, 2023 WL 3751998, at *8 (E.D. Cal. June 1, 2023). Because Bates is appealing this Court's ruling on her free-exercise claim and free-speech claims—the core components of her constitutional claims—the appeal will overlap with the legal issues being adjudicated at the district court. Hence, it is "likely that the Ninth Circuit's opinion will significantly guide this Court's future analysis on these legal questions." *Id.* at 9. Knowing how the Ninth Circuit evaluates the legal issues and sets the legal standard will provide helpful guidance to the parties during discovery and to this Court in its summary judgment analysis.

Other courts have stayed proceedings in cases like this one—involving constitutional claims where the Ninth Circuit's guidance will set the tone for discovery while promoting the orderly course of justice. *Id.* ("Given the substantial overlap of the legal issues and the relief sought, awaiting a decision by the Ninth Circuit will minimize the risk of inconsistent judgments."); *Babaria v. Blinken*, No. 22-cv-05521, 2023 WL 187497, at *2 (N.D. Cal. Jan. 13, 2023) (finding stay pending appeal of denial of preliminary injunction "would promote judicial economy" and "minimize the risk of inconsistent rulings"); *Herbalife Int'l of Am. Inc. v. Ford*,

No. cv-072529, 2008 WL 11491587, at *2 (C.D. Cal. Mar. 12, 2008) ("Any determination from the Circuit, one way or the other, will go far in streamlining the case.").

Finally, a stay in this case will not injure either party. It is likely the appeal "will be concluded within a reasonable time," given that the Ninth Circuit expedites appeals from preliminary-injunction orders, 9th Cir. Rule 3-3. *Leyva v. Certified Grocers of Cali., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). Additionally, both parties seek to avoid unnecessary and time-consuming litigation that might be avoided.

## Conclusion

For all these reasons, the parties respectfully move to stay all district court proceedings and terminate all deadlines until the Ninth Circuit issues its mandate closing the appeal. The parties ask that, within 30 days of the issuance of the mandate, the district court schedule a status conference to reset all pending deadlines.

Respectfully submitted this 18th day of December, 2023.

ELLEN F. ROSENBLUM
Attorney General

/s/ Thomas C. Castelli
Thomas C. Castelli #226448
Deanna Chang #192202
Senior Assistant Attorneys General
Alex C. Jones #213898
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Deanna.J.Chang@doj.state.or.us
Thomas.Castelli@doj.state.or.us
Alex.Jones@doj.state.or.us
Counsel for Defendants

s/Johannes Widmalm-Delphonse
Johannes Widmalm-Delphonse*
jwidmalmdelphonse@ADFlegal.org
VA Bar No. 96040
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, VA 20176
t: 571.707.4655

Rebekah Schultheiss (Millard)
rebekah@millardoffices.com
OSB #121199
PO Box 7582
Springfield, OR 97475
t: 707.227.2401
Counsel for Plaintiff

Jonathan A. Scruggs*
jscruggs@ADFlegal.org
AZ Bar No. 030505
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
t: 480.444.0020

Christiana Kiefer*
ckiefer@adflegal.org
DC Bar No. 176922
ALLIANCE DEFENDING FREEDOM
440 First Street NW,
Suite 600
Washington, DC 20001
t: 202.393.8690

Counsel for Plaintiff
*Admitted Pro Hac Vice

CERTIFICATE OF SERVICE

I hereby certificate that on December 18, 2023, I filed a true and accurate copy of the foregoing document with the Clerk of Court using the CM/ECF system, which automatically sends an electronic notification to the following parties:

Deanna Chang
Deanna.J.Chang@doj.state.or.us
t: 503.949.1546
Thomas H. Castelli
thomas.castelli@doj.state.or.us
t: 971.673.1880
Alexander Charles Jones
alex.jones@doj.state.or.us
t: 503.508.2171
Oregon Department of Justice
100 SW Market St,
Portland, OR 97201

Dated: December 18, 2023

*s/ Johannes Widmalm-Delphonse*
Counsel for Plaintiff