IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| Jessica Bates,<br><br>Plaintiff,<br>v.<br><br>Director FARIBORZ PAKSERESHT, in his official capacity as Director of the Oregon Department of Human Services; Deputy Director LIESL WENDT, in her official capacity as Deputy Director of the Oregon Department of Human Services; APRILLE FLINT-GERNER, in her official capacity as Interim Director of the Oregon Department of Human Services Child Welfare Division; REBECCA GARRISON, in her official capacity as certification supervisor for the Oregon Department of Human Services office in Malheur County; and CECILIA GARCIA, in her official capacity as certification officer for the Oregon Department of Human Services office in Malheur County,<br><br>Defendants. | Case No.: 2:23-cv-00474-AN<br><br>STIPULATED ORDER AND JUDGMENT |

Based on the parties' Joint Motion to Enter a Stipulated Order and Final Judgment, ECF [65],

1. Defendants shall rescind the challenged decision to reject Jessica Bates's application and reinstate Bates's application or allow her to reapply for certification as a prospective adoptive parent.

2. ODHS is prohibited from enforcing OAR § 413-200-0308(2)(k) against Bates or otherwise denying her application because of her religious beliefs that sexual activity should occur only within the confines of a marriage between one man and one woman, and a person should identify and seek to live consistent with his or her biological sex. This includes Bates's desire to respectfully speak about, live out, parent, and make day-to-day caregiving decisions consistent with these sincerely held religious beliefs.

3. ODHS is prohibited from requiring Bates to agree to use prescribed words or language, including chosen pronouns, to express views about sexual orientation, gender identity, or gender expression

inconsistent with her religious beliefs described above as a condition of certification.

4. Subject to the provisions below, ODHS may not enforce any per se standard, rule, or policy that precludes Bates from being considered for any particular placement, based in whole or in part based on her religious beliefs described above in paragraph 2.

5. ODHS may not categorically disqualify Bates from being considered for any particular placement. Nothing in this Order prohibits ODHS from deciding a child's placement based on its individualized consideration of the child's needs and of a foster parent's concerns or limitations (including where religiously motivated) on their ability or willingness to meet the child's specific needs, including with regard to their sexual orientation, gender identity, and gender expression. The intent of this Order is that ODHS may not exclude Bates from consideration for a placement only because of her sincerely held religious beliefs or because she seeks to speak and act consistent with these beliefs as described in paragraph 2 and in the Ninth Circuit's opinion in *Bates v. Pakseresht*, 146 F.4th 772, 784–801 (9th Cir. 2025).

6. Defendants agree that Plaintiff is the prevailing party and entitled to costs and attorneys' fees. Plaintiff shall file a stipulation or motion for attorneys' fees and costs within 60 days of this Order.

7. This Order shall operate as a final judgment of the Court, and the parties agree that it represents a complete resolution of all claims and defenses.

8. The Court retains jurisdiction to enforce the terms of this Order as may be necessary.

9. The Clerk's Office is directed to mark this case as closed.

IT IS SO ORDERED.

DATED this 9th day of September, 2026.

Adrienne E Nelson

Adrienne Nelson
United States District Judge